UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ARNOLD LEONG, ET AL.                    CIVIL ACTION NO. 6:12-cv-00711

VERSUS                                  JUDGE DOHERTY

ZODIAC NEWCO, LLC                       MAGISTRATE JUDGE HANNA

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

This action was removed from state court on the basis that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this is a civil action between citizens of different States." (Rec. Doc. 1 at 2-3). The removing defendants have the burden of proving by a preponderance of the evidence that federal jurisdiction exists.[1] The basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference.[2] This rule requires "strict adherence."[3] Any doubt about the propriety of removal must be resolved in favor of remand.[4]

---

[1]   *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[2]   *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir. 1983). See, also, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

[3]   *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[4]   *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

A.     THE AMOUNT IN CONTROVERSY

The undersigned is unable to determine whether the jurisdictional threshold has been satisfied with regard to the amount in controversy. In a case like this one, in which the plaintiff does not seek recovery of a determinate amount in its petition, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[5] To satisfy that burden, the party must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[6]

In this case, the plaintiffs do not seek a determinate amount of damages in their state-court petition, and they do not request a jury trial. Although the petition contains general allegations concerning wireless data revenue (Rec. Doc. 1-1 at 9), the undersigned concludes that the jurisdictional amount is not "facially apparent" from the allegations set forth in the complaint. The undersigned also notes that "plaintiffs who join together in a lawsuit generally cannot aggregate their damages to meet the jurisdictional minimum. However, if one plaintiff alone satisfies the

---

[5]     *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998)

[6]     *St. Paul Reinsurance*, 134 F.3d at 1253.

jurisdictional minimum, then federal courts can exercise supplemental jurisdiction over the claims of co-plaintiffs who fail to satisfy the jurisdictional amount."[7]

In the removal notice, the defendants argue that the amount in controversy requirement is satisfied because one of the plaintiffs owned a 95.02269% interest in the partnership called Lafayette Cellular Telephone Company, and the partnership was valued at more than $70 million in the Merger Transaction. (Rec. Doc. 1 at 3). But those facts are not supported by summary-judgment-style evidence.

Accordingly, the undersigned finds that he cannot determine from a review of the petition and the removal notice whether the amount in controversy is satisfied in this case.

B.    **DIVERSITY OF CITIZENSHIP**

In their removal notice, the defendants established that the original defendants are citizens of Colorado, Delaware, Georgia, New Jersey, and Texas and that, if the proposed amendment is permitted, the defendants will be citizens of those same states. However, the defendants have not established the citizenship of all of the plaintiffs.

---

[7]   *Earl v. Myers*, No. 10-1885, 2010 WL 4875656, at *2 (E.D. La. Nov. 23, 2010), citing 28 U.S.C.A. § 1367(a) and *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 549 (2005).

The petition identifies the states where the individual plaintiffs reside. This is insufficient to establish their citizenship. The citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[8] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[9] Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[10] For that reason, the undersigned will accept that the individual plaintiffs are citizens of the states where they reside if there is no objection from any party.

The plaintiffs allege that plaintiff Cell-Cal V-T6 is a partnership with partners in California, Connecticut, Washington, Illinois, Minnesota, and Arizona. They do not identify the partners or explain why the partners are citizens of the named states. The defendants do not address this plaintiff's citizenship in their removal notice. The undersigned finds that the information provided is insufficient to establish this plaintiff's citizenship.

---

[8] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[9] *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[10] *Hollinger*, 654 F.3d at 571.

The plaintiffs allege that plaintiff Chin Cellular is a Nevada limited partnership. They do not identify the partners or provide the partners' citizenship. The removing defendants state only that on "information and belief" this plaintiff is a citizen of California and/or Nevada. The undersigned finds that the information provided is insufficient to establish the citizenship of this partnership.

The plaintiffs allege that plaintiff Gordon & Hoss Family Investment, LLC is a Delaware limited liability company with members residing in New York. They do not identify the members or provide the members' citizenship. The defendants state only that George Gordon is a resident of New York. They do not say if he is a member of the company nor do they identify any other members of the company. The undersigned finds that the information provided is insufficient to establish the company's citizenship.

C. THE MOTION TO AMEND

The plaintiffs filed a motion to amend their complaint (Rec. Doc. 23), seeking to amend some of the substantive allegations of their complaint and to sue (1) Verizon Wireless Personal Communications, LP ("VWPCLP") instead of Zodiac Newco, LLC, and (2) New Cingular Wireless PCS, LLC instead of AT&T Mobility Wireless Operations Holding, LLC. According to their motion for leave, the

plaintiffs want to make these substitutions because VWPCLP is the successor-in-interest to Zodiac and because AT&T Mobility never owned an interest in the partnership that is the subject of the lawsuit. (Rec. Doc. 23 at 2).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[11] The plaintiffs' motion to amend does not address whether the requested substitution of defendants will destroy diversity.

Additionally, Local Rule 7.7 states: "In any action removed from state court in accordance with 28 USC 1441 et seq., a motion filed for joinder of parties, which might destroy subject matter jurisdiction, shall include a notification to the court that a determination under 28 USC 1447(e) will be required, and sufficient facts shall be pled to enable the court make such a determination." No such notification is set forth in the plaintiffs' motion for leave to amend.

IT IS THEREFORE ORDERED that, not later than twenty-one days after the date of this order, the removing parties shall file a memorandum (1) setting forth specific facts that support a finding that the amount in controversy exceeds the jurisdictional minimum, (2) setting forth specific facts that support a finding that the

---

[11] 28 U.S.C. § 1447(e).

parties to the original petition are diverse in citizenship, and (3) setting forth specific facts addressing whether the plaintiffs' requested substitution of defendants will destroy diversity. The defendants shall support all three sets of facts with summary-judgment-type evidence. The plaintiff will then be allowed seven days to respond to the defendants' memorandum.

      Signed at Lafayette, Louisiana, this 6th day of July 2012.

                                                    PATRICK J. HANNA
                                                  UNITED STATES MAGISTRATE JUDGE