**RECEIVED**

JUL 3 1 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

ARNOLD LEONG, ET AL.                    CIVIL ACTION NO.: 12-0711

VERSUS                                  JUDGE DOHERTY

CELLCO PARTNERSHIP, ET AL.              MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Pending before this Court is the "Motion to Reconsider this Court's March 21, 2013 Order with Respect to Plaintiff's Forfeiture Claim filed by defendant Cellco Partnership, d/b/a Verizon Wireless and Verizon Wireless Personal Communications LP" ("the Verizon defendants" or "Verizon") [Doc. 83]. In its March 21, 2003 Memorandum Ruling adjudicating Verizon's Motion to Dismiss [Doc. 74], the Court held it was premature to rule on the plaintiffs' request for forfeiture as a remedy for breach of contract, inasmuch as the Court ruled the breach of contract claim itself survived the Motion to Dismiss and remained a viable claim [Doc. 80]. In the instant motion, the Verizon defendants ask this Court to reconsider its decision not to dismiss the plaintiffs' forfeiture claim on grounds there exists a separate and independent justification for dismissal of the forfeiture claim, which ground is not dependent on whether a viable claim for breach of contract exists. Specifically, Verizon argues the plaintiffs have not and cannot satisfy the contractual conditions for the remedy of forfeiture to apply – namely, a written default notice from the Executive Committee – and therefore, under no circumstances can the requested remedy of forfeiture be granted, even if this Court were to conclude Verizon and/or the remaining defendants breached the Partnership

Agreement.[1]

The motion for reconsideration is opposed by the plaintiffs [Doc. 86]. Additionally, on June 24, 2013, this Court ordered supplemental briefs [Doc. 89], which are now before the Court [Docs. 94, 95 & 96]. For the foregoing reasons, this Court GRANTS the Verizon defendants' request to reconsider the issue of forfeiture, and after consideration of the arguments of the parties and the applicable law, this Court's previous ruling on Verizon's Motion to Dismiss [Doc. 74] is specifically AMENDED to note that the plaintiffs' claim for forfeiture against the Verizon defendants is DENIED AND DISMISSED WITH PREJUDICE for the reasons stated in this Memorandum Ruling. Additionally, to the extent the forfeiture remedy is sought by plaintiffs against defendants Centennial Communications Corporation and New Cingular Wireless PCS, LLC[2] in their Second Amended Complaint, such claim for forfeiture against these defendants is also DENIED AND DISMISSED WITH PREJUDICE, for the reasons that follow.

## I.    Factual and Procedural Background

As the Court explained in its March 21, 2013 Ruling, the instant lawsuit arises out of a merger transaction in which the plaintiffs – former owners of the minority interests in the Lafayette

---

[1] The reason Verizon argues the issue of forfeiture is so important at this stage of the litigation is that the presence of the forfeiture claim dramatically increases the value of the lawsuit. As explained by Verizon, without forfeiture, this case involves plaintiffs' claim that the Verizon defendants improperly cashed the plaintiffs out of their 4% stake in the Lafayette Partnership at a price that was too low, a claim that, allegedly, puts at stake the plaintiffs' 4% Partnership interests, which the Verizon defendants valued at roughly $3 million. With forfeiture on the table, however, the case puts at issue Verizon's now-100% stake in the Partnership (less the value of the Verizon defendants' capital account), and would potentially give plaintiff's a $30 million windfall. Verizon argues the parties' ability to realistically assess the litigation and consider a settlement will be enormously enhanced if the Court makes clear at this early stage that forfeiture is not a valid remedy in the case.

[2] In its supplemental brief filed on July 3, 2013, Centennial Communications Corporation and New Cingular Wireless PCS, LLC argue the plaintiffs also seek the forfeiture remedy against them, and the forfeiture claim against Centennial Communications Corporation and New Cingular Wireless PCS, LLC should be dismissed for the same reasons cited by Verizon.

2

Cellular Telephone Company ('hereinafter, "the Partnership") – were cashed out of the Partnership,

a transaction which essentially merged the Partnership with a wholly-owned Verizon Wireless entity.

In the first round of briefing on the motion to dismiss, Verizon characterized the claims of the

plaintiffs as falling into two broad categories: (1) the merger violated the Partnership Agreement and

fiduciary duties owed by the Verizon defendants, primarily because the transaction did not receive

unanimous approval of the partners; and (2) the plaintiffs (again, the minority partners in the

Partnership) were paid too little for their partnership interests.  Verizon argued all of the claims that

fall into the first category (that is, breach of contract, breach of fiduciary duty, unjust enrichment,

breach of the implied covenant of good faith and fair dealing, and conversion) failed at the pleading

stage.[3]   Additionally, Centennial's motion to dismiss argued the plaintiffs' claim for unjust

enrichment must fall where the plaintiffs have also asserted a claim against Centennial for breach

of contract.

The plaintiffs painted a vastly different picture of the overall factual scenario of the case.  In

response to the motion filed by Verizon, plaintiffs provided the following factual information

concerning the circumstances of the instant lawsuit:

> Plaintiffs were minority partners in the Lafayette Cellular Telephone Company (the
> "Partnership").  For many years, Defendant Centennial Communications Corp.
> ("Centennial") owned the majority general partnership interest in the Partnership.
> When AT&T acquired all of Centennial's assets in 2009, the Federal
> Communications Commission and the Department of Justice required AT&T to
> divest certain Centennial assets, including the majority interest in the Partnership. To
> comply with that requirement, AT&T arranged the transfer of the majority interest
> in the Partnership to Defendant Cellco Partnership ("Verizon Wireless"), which
> already owned and operated certain entities that were direct competitors of the

---

[3] Verizon argues the only claim the plaintiffs alleged that survives the pleading stage was their claim that
their partnership interests were undervalued.  That claim was not a subject of the motions before the Court in March
2013.

Partnership in Louisiana.  Shortly after it acquired the majority interest in the Partnership, and over the objection of the minority partners, Verizon Wireless orchestrated the merger of the Partnership with Lafayette Mergeco, LLC, a wholly-owned affiliate of Verizon Wireless that was a direct competitor of the Partnership in the Lafayette market.  Through the mechanism of that merger, Verizon Wireless's ownership interest in Lafayette Mergeco was converted into an interest in the Partnership exactly equivalent to the combined interests held by the minority partners, and the minority partners were forced to cash out their interests at a price determined by Verizon Wireless based on a valuation of the Partnership it commissioned from KPMG.  By unilaterally structuring and executing this merger, Verizon Wireless appropriated all of the Partnership's assets for itself and effectively ejected the minority partners without their consent.  Plaintiffs allege that this action and the manner in which it was accomplished constitute a material breach of both the Partnership Agreement and Verizon Wireless's fiduciary obligations to its partners.

On November 28, 2012, Plaintiffs filed their Second Amended Complaint ("SAC") in this action.  In it, Plaintiffs assert claims against Verizon Wireless for breach of contract, breach of fiduciary duty, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and conversion in connection with its carrying out of the merger.[4]

Thus, in the original round of briefing, the plaintiffs' presentation focused more on the *manner* in which the merger vote was taken, plaintiffs appearing to argue Verizon — already operating under a conflict of interest — "squeezed out" the minority partners in order to force the merger, by taking a number of actions that violated the Partnership Agreement, including divulging confidential partnership information and improperly removing a minority partner representative from the Executive Committee, all in an effort to accomplish a "majority vote" that would be in conformity with the Partnership Agreement.  As a remedy for their breach of contract, the plaintiffs seek Verizon's forfeiture of its Partnership interest pursuant to Section 8.2 of the Partnership

---

[4] *See* Plaintiffs' Memorandum in Opposition to Motion to Dismiss, Doc. 66, at pp. 1-2 (internal citations omitted).

Agreement.[5]  After a considered and lengthy review of the briefs, this Court granted the motion in part, and denied it in part.   Specifically, this Court held that because the breach of contract claim survived, it was premature to dismiss one of plaintiffs' claims for possible remedy, on the breach of contract, i.e. forfeiture.[6]

## II.   Analysis[7]

### A.   Standard for Reconsideration

The Verizon defendants urge their motion for reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure, which states:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim,

---

[5] Section 8.2 of the Partnership Agreement states:

> 8.2 Sale on Material Default.  Each Partner who commits an uncured material default or voluntarily causes a dissolution contrary to Section 9.1, shall be required to sell its Ownership Interest, and subject to any required FCC consent, to transfer to the other Partners pro rata its Ownership Interest, if any, for an aggregate amount equal to the balance of its capital account.  The provisions of this Section 8.2 may be waived on a case by case basis by the Executive Committee in its sole discretion.

[6] Specifically, the Court denied the motion with respect to the plaintiffs' claims for breach of contract and breach of the covenant of good faith and fair dealing, concluding the plaintiffs pled sufficient facts to sustain those claims at the threshold 12(b)(6) stage of the proceedings.  This Court specifically noted that because the breach of contract claim survived, it was premature to dismiss one of plaintiffs' argued possible remedies for the claimed breach, i.e. forfeiture.  The motion to dismiss plaintiffs' breach of fiduciary duty claim was granted in part and denied in part.  The motion was granted to the extent that all of the plaintiffs' claims for breach of fiduciary duty against the Verizon defendants that arise out of the Partnership Agreement itself, or which are encompassed within the plaintiffs' breach of contract claim, were Denied and dismissed with prejudice.  This dismissal included a dismissal of all of the plaintiffs' claims that the merger transaction in question was fundamentally unfair.  However, the motion was denied to the extent it sought to dismiss the plaintiffs' claim that the merger consideration was unfair in that the minority partners were not paid fair consideration for their partnership interests.  The foregoing claim, to the extent it, perhaps, could be characterized as a claim for breach of fiduciary duty, survived and was not dismissed in the Ruling.  The motion was also granted with respect to the plaintiffs' claims against Verizon for unjust enrichment and conversion, and the foregoing claims were denied and dismissed with prejudice.  Centennial Communications Corporation and New Cingular Wireless Partial Motion to Dismiss [Doc. 49] was granted, and the plaintiffs' claim of unjust enrichment against Centennial Communications Corporation and New Cingular Wireless was denied and dismissed with prejudice.  See Memorandum Ruling, Doc. 80 at pp-21-22.

[7] The same standard for dismissal as applied in the Court's March 21, 2013 Ruling is applied to the forfeiture claim in the instant case.  Id. at pp. 4-6.

crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. *Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.*

Fed.R.Civ.P. 54(b) (emphasis added).

While the Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration," such a motion is usually construed as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from a final judgment or order. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). However, Rules 59(e) and 60(b) do not contemplate reconsideration of interlocutory orders. *See Doss v. Morris*, 2013 WL 3050298 (W.D. Tex. June 17, 2013), *citing* Fed.R.Civ.P. 60(b) (specifying that Rule 60(b) applies only to "a final judgment, order, or proceeding"). A district court may reconsider an interlocutory order pursuant to Federal Rule of Civil Procedure 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... before the entry of judgment." Fed.R.Civ.P. 54(b). The Court possesses "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.*, 677 F.3d 720, 726 (5th Cir. 2012); *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).[8]

The general practice of courts in the Eastern District of Louisiana has been to evaluate Rule

---

[8] This Court was unable to locate a definitive Fifth Circuit case addressing the appropriate rule governing reconsideration of interlocutory orders, and the standard to be applied under Rule 54(b). Nevertheless, review of district court cases within the Fifth Circuit make clear where the issue is reconsideration of an interlocutory order, Rule 54(b) applies.

54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[9]   A Rule 59(e) motion "calls into question the correctness of a judgment," *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002), and courts have considerable discretion in deciding whether to grant such a motion.   *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993).   In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.   *Id.* at 355-56.   The three factors typically considered by district courts in evaluating motions filed under Rule 59(e) are:  (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.   *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 566 (5th Cir.2003).   Nevertheless, although this Court is guided by the factors as set forth above, this Court notes because it is faced with an interlocutory order, it is free to reconsider its

---

[9] *See, e.g., Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma–Sea Ship Builders, L.L.C.*, 284 F.R.D. 146, 151–53 (E.D. La. 2012) (Brown, J.); *Castrillo v. Am. Home Mtg. Serv'ing Co.*, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.); *Rosemond v. AIG Ins.*, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, 2009 WL 1046016, at * 2 (E.D. La. Apr. 16, 2009) (Duval, J.).

This Court located very few decisions from the Western District of Louisiana enunciating a Rule 54(b) standard.  One such case, *Nierman v. Ohio Cas. Ins. Co.*, 2012 WL 1039683 (Mar. 28, 2012) (Hicks, J.) (unpublished) is included here for illustrative purposes.  In *Nierman*, the court stated:

> A Rule 54(b) motion to reconsider "requires the court to determine whether reconsideration is necessary under the relevant circumstances." Id. While the legal standard for evaluating a motion to reconsider under Rule 54(b) appears to be less exacting than that imposed by Rules 59 and 60, "considerations similar to those under Rules 59 and 60 inform the Court's analysis."  *Id.*  Such considerations include whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification. *See Valles v. Frazier*, No. 08–501, 2009 WL 4639679, *2 (W.D.Tex. Nov. 20, 2009). Yet, because the district court is faced on with an interlocutory order, it is free to reconsider its ruling "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Brown*, 2 011 WL 1562567, *2, citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990), *abrogated on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir.1994) (*en banc*).

2012 WL 1039683, at *3.

ruling "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Nierman*, 2012 WL 1039683, at *3, *citing Brown*, 2 011 WL 1562567, *2, *citing Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990), *abrogated on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir.1994) (*en banc*).

Thus, because the Verizon defendants seek reconsideration of an order refusing to dismiss a single claim (where several claims exist), their motion is enlightened by Rule 54(b) and the principles outlined above.

**B.      Analysis**

In their motion, the Verizon defendants argue the plaintiffs have not and cannot satisfy the contractual conditions for the remedy of forfeiture to apply – namely, a written default notice from the Executive Committee – and therefore, under no circumstances can the requested remedy of forfeiture be granted, even if this Court were to conclude Verizon and/or the remaining defendants breached the Partnership Agreement.

The default and forfeiture provisions of the Partnership Agreement appear in Section 8 of the Agreement. These provisions are as follows:

8. Default.

8.1 <u>Material Default</u>. If a Partner for any reason breaches any material covenant, representation or warranty of this Partnership Agreement. and the breach is not cured within thirty (30) days after written notice of the breach is provided to the defaulting Partner by the Executive Committee, then the Partner shall be considered to be in material default. Any Partner who commits such a material default, or who causes the dissolution of the Partnership contrary to the provisions of Section 9.1. shall be liable to the Partnership for, and shall indemnify the Partnership against, all resulting damages, losses, expenses and claims, including reasonable attorneys' fees and litigation expenses, suffered or incurred by the Partnership. The exercise of rights provided in Sections 8.2 or 9.2 below shall not relieve the Partner of such liability or

indemnification and shall not constitute a waiver, by any Partner or the Partnership, of any right or remedy against the defaulting Partner under this Partnership Agreement, including the right to set off damages, losses and expenses against any amount owed to the defaulting Partner.

8.2 <u>Sale on Material Default</u>. Each Partner who commits an uncured material default or voluntarily causes a dissolution contrary to Section 9.1. shall be required to sell its Ownership Interest, and subject to any required FCC consent , to transfer to the other Partners pro rata its Ownership Interest, if any, for an aggregate amount equal to the balance of its capital account.  The provisions of this Section 8.2 may be waived on a case by case basis by the Executive Committee in its sole discretion.

Thus, the forfeiture remedy appears in Section 8.2, which is entitled "Sale on *Material Default*." (emphasis added) and states "[e]ach Partner who commits an uncured *material default* . . . . shall be required to sell its Ownership Interest." Agmt. §8.2 (emphasis added).  A "Material Default" is defined in the immediately preceding Section 8.1, which requires <u>three conditions</u> to be met for a "material default" to exist: "*If* [1] a Partner for any reason breaches any material covenant, representation or warranty of this Partnership Agreement, *and* [2] the breach is not cured within thirty (30) days *after* [3] *written notice* of the breach is provided to the defaulting Partner by the Executive Committee, *then* the Partner shall be considered to be in material default." *Id.* §8.1 (emphases added).

The plaintiffs appear to acknowledge they cannot satisfy the contractual condition of written notice *by the Executive Committee*.  Indeed, in their amended complaint, the plaintiffs allege "it is impossible for the Plaintiffs to provide the notice, *as contemplated by the Partnership Agreement*."[10] Instead, plaintiffs allege they sent a letter themselves to give "written notice of material default to Verizon Wireless."[11]  *Id.*  Verizon argues, however, that under the plain terms of the contract,

---

[10] *See* Plaintiffs' Second Amended Complaint, Doc. 48, at ¶73.

[11] *Id.*

plaintiffs' letter does not suffice to constitute notice as contemplated by the Partnership Agreement. The contract clearly specifies "written notice . . . by the Executive Committee," Agmt. §8.1, and because plaintiffs cannot satisfy this prerequisite for obtaining forfeiture as a remedy for a default under the contract, they cannot obtain the remedy of forfeiture in this lawsuit.

Under Delaware law, forfeiture provisions are strictly construed, and a plaintiff must show all conditions set by the contract have been fully met before a forfeiture clause can be applied. *Garrett v. Brown*, Nos. 8423 & 8247, 1986 WL 6708, at *8-9 (Del. Ch. June 13, 1986) ("Forfeitures are not favored and contracts will be construed to avoid such a result."); *Martin v. Hopkins*, No. 05C-04-027, 2006 WL 1915555, at *6 (Del. Super. June 27, 2006) ("For a condition to effect a forfeiture, it must be unambiguous."); *see also Clements v. Castle Mortg. Serv. Co.*, 382 A.2d 1367, 1370 (Del. Ch. 1977) (rejecting party's claim that contractual provision provided for forfeiture because "[f]orfeiture as such is highly disfavored by the courts, including those of Delaware").

Because of the value of the forfeiture claim involved in this case and the importance of the issue before the Court, on June 24, 2013, this Court ordered the parties file supplemental briefs, crystallizing the governing law and specifically ordering the plaintiffs to provide this Court with authority for their argument that the notice provisions of the contract can be overlooked in this case and the forfeiture remedy awarded notwithstanding the plaintiffs appear not to have satisfied the contract's terms for such a remedy.  Other than arguing equity, attempting to convolute the arguments of the Verizon defendants, and attempting to distinguish the cases cited by Verizon on rather dubious grounds, the plaintiffs have presented no persuasive argument, cited this Court to no authority, jurisprudential or otherwise, supporting their argument that the forfeiture remedy can be awarded in this case, and have failed to persuade this Court.

The plaintiffs' apparent argument that the action of the "majority partner" in the underlying lawsuit removing the minority representative from the Executive Committee – which then left the minority partners without representation on the Executive Committee – was the *cause* of plaintiffs' inability to provide the mandated notice, is a red herring.  Indeed, under the express terms of the Partnership Agreement, it appears, the plaintiffs – as the minority partners with only one vote on the Executive Committee– in theory, were never guaranteed they could invoke the forfeiture remedy, because as minority partners, they controlled only one vote on the three-member Executive Committee, while the majority partner(s) had two representatives on the Executive Committee, and a unanimous vote was not required.  However, this begs the question, as no written notice was given *by the Executive Committee* as *required by the express terms of the agreement*.  Thus, under the applicable Partnership Agreement, the minority partners (here, the plaintiffs) cannot trigger the forfeiture provisions.  Again, notice from plaintiffs, representing only one of three votes, cannot and does not constitute *notice* of *the Executive Committee* as required by the Partnership Agreement. Consequently, plaintiff's argument, i.e. that the notice they sent and/or that the removal of a/the one minority vote on the Executive Committee destroys *the express requirement of the contract* that written notice must be given by the Executive Committee in order for forfeiture to be a remedy, is not persuasive – the undisputed facts are that no such notice was given *by the Executive Committee*, and notice given by one minority member does not suffice under the express terms of the agreement. Hence, the requisite notice is lacking and forfeiture is not available pursuant to the Partnership Agreement.

Plaintiffs complain of the inequity of the situation, however, this Court is not permitted to re-write the terms of an otherwise enforceable Partnership Agreement; the terms of which were

negotiated by the parties signatory to the contract, where the contract requires notice *by the Executive Committee* in order to trigger a forfeiture provision.  In fact, the minority partners signed the agreement -- as "minority partners" – which contains the now complained of requirement of notice *by the Executive Committee* before forfeiture can be triggered.  This Court is charged only with the enforcement of the terms agreed to by the parties, unless, of course, those terms were against public policy.  No argument or jurisprudence has been cited that the notice requirement would be against Delaware public policy; to the contrary, Delaware jurisprudence is clear, forfeiture provisions, themselves, must be strictly construed.  Plaintiffs have cited this Court to no jurisprudence that could allow this Court to impose a forfeiture remedy under the circumstances presented herein, where the express conditions of the Partnership Agreement for the requested remedy of forfeiture were not met; nor have they made a convincing argument that the terms contained with the contract violate the public policy of Delaware or any other state.  Indeed, the plaintiffs cannot argue there is no remedy left available to them should this Court conclude a breach of the Partnership Agreement occurred, as there are other remedies available that are not foreclosed by the terms of the Partnership Agreement itself.

The parties are reminded that the instant motion for reconsideration references this Court's ruling on a motion to dismiss filed by the Verizon defendants.  The motion to dismiss contained several attachments.  However, as this Court explained in its March 21, 2013 Ruling, the only document the Court considered in adjudicating the motion to dismiss was Plaintiffs' Second Amended Complaint [Doc. 48], which extensively paraphrased the Partnership Agreement, which is central to the plaintiffs' allegations.  As this Court explained, under the law, the Court's reference to and consideration of the Partnership Agreement does not convert the instant motion to a motion

12

for summary judgment or change the standard under which this Court should adjudicate the motion. Because the Partnership Agreement requires notice by the Executive Committee, the failure of the plaintiffs to satisfy this requirement is a flaw that cannot be corrected for purposes of this motion.

**III.    Conclusion**

Considering the foregoing,

IT IS ORDERED that the "Motion to Reconsider this Court's March 21, 2013 Order with Respect to Plaintiff's Forfeiture Claim filed by defendant Cellco Partnership, d/b/a Verizon Wireless and Verizon Wireless Personal Communications LP" ("the Verizon defendants") [Doc. 83] is GRANTED.  This Court's previous ruling on Verizon's Motion to Dismiss [Doc. 74] is specifically AMENDED to note that the plaintiffs' claim for forfeiture against the Verizon defendants is DENIED AND DISMISSED WITH PREJUDICE for the reasons stated in this Memorandum Ruling.

IT IS FURTHER ORDERED that, to the extent the forfeiture remedy is sought by plaintiffs against defendants Centennial Communications Corporation and New Cingular Wireless PCS, LLC in their Second Amended Complaint, such claim for forfeiture against these defendants is also DENIED AND DISMISSED WITH PREJUDICE, for the same reasons cited herein.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ____3/____ day of July, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

13